UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VIRGINIA ARNOLD,**

    Plaintiff,                                                               Case No.

v.                                                                          Hon.

**FRESH START TRANSITIONAL HOMES**
and **COOKIE DENISE SMITH**

    Defendants.

---

**GOLD STAR LAW, P.C.**
**Maia Johnson Braun (P40533)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

---

## COMPLAINT

Plaintiff, Virginia Arnold, through her attorneys, Gold Star Law, P.C., for her Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Virginia Arnold ("Arnold") is an individual who resides in Warren, Macomb County, Michigan.

2. Defendant Fresh Start Transitional Homes ("Fresh Start") is a Michigan nonprofit corporation with its registered office in New Baltimore, Macomb County, Michigan.

3. Defendant Cookie Denise Smith ("Smith") is President, Director and Resident Agent of Fresh Start, and directs the day to day business of Fresh Start.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331

5. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

### FACTUAL ALLEGATIONS

6. Defendant Fresh Start is engaged in the business of providing long-term care for mentally impaired or developmentally disabled adults.

7. Fresh Start employed Arnold from January, 2007 until March 8, 2018.

8. Arnold was wrongfully classified by Fresh Start as a 1099 independent contractor.

9. Defendants compensated Arnold on an hourly basis. Arnold's rate of pay increased during the span of her employment, and at times relevant to this action her pay went from $9.00 per hour to $11.00 per hour.

10. Arnold generally worked 60 hours per week.

11. Defendants controlled all aspects of Arnold's work, and told Arnold when to work, what to do, and how to perform her work.

12. Arnold was not incorporated and did not perform similar work for others.

13. Arnold carried no worker's compensation insurance, and was not requested to provide a worker's compensation insurance waiver to Defendants.

14. Arnold was not permitted to subcontract her work for Defendants to others or could not otherwise increase her profit margin in work she performed for Defendants.

15. Defendants were required to compensate Arnold at 1 ½ times her hourly pay for all hours worked in excess of 40 hours per week.

16. Defendants failed to compensate Arnold at 1 ½ times her hourly rate for hours worked in excess of 40 hours per week. Instead, Defendants compensated Arnold at her regular hourly rate for all hours worked.

17. Arnold was not, at any time during her employment with Defendants, exempt from the overtime pay requirements of the FLSA.

18. All hours worked by Arnold, including overtime hours, were worked at the direction and with the sufferance of Defendants.

19. Defendants' pay practices are in violation of the FLSA and are willful, and with knowledge, or with reckless disregard, of the statutory requirements under the FLSA.

## CAUSE OF ACTION
## FAILURE TO PAY OVERTIME IN VIOLATION
## OF THE FAIR LABOR STANDARDS ACT OF 1938

20. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

21. Defendants are "employers" within the coverage of the FLSA.

22. Arnold is an "employee" within the coverage of the FLSA.

23. Fresh Start was required to compensate Arnold at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

24. Fresh Start failed to compensate Arnold at 1 ½ times her regular rate of pay for hours worked in excess of 40 per week.

25. Defendants' violation of the FLSA was willful, with knowledge or reckless disregard of the statutory requirements under the FLSA.

26. Pursuant to Section 216(b) of the FLSA, based upon an average of 60 hours worked each week, Defendants are liable to Arnold for at least $10,950.00 in unpaid overtime compensation.

27. Arnold is entitled to an additional equal amount, or at least $10,950.00 in liquidated damages.

28.     Arnold is also entitled to her costs and attorney fees in having to pursue this action against Defendants.

WHEREFORE, Plaintiff, Virginia Arnold, requests that this Court award her at least $10,950.00 in actual unpaid overtime wages, an equal amount as liquidated damages, her reasonable costs and attorney fees, and such other relief as this Court deems appropriate.

Respectfully submitted,

**GOLD STAR LAW, P.C.**

  /s/ *Maia Johnson Braun*
**Maia Johnson Braun (P40533)**
Attorney for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*mjohnson@goldstarlaw.com*

Dated: August 14, 2018