UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VIRGINIA ARNOLD,**

    Plaintiff,

v.

**FRESH START TRANSITIONAL HOMES** and **COOKIE DENISE SMITH,**

    Defendants.

Case No. 18-cv-12511-LVP-EAS
Hon. Linda V. Parker

| GOLD STAR LAW, P.C. | KELLER THOMA, P.C. |
|---|---|
| By:  Maia Johnson Braun (P40533) | By:  Gregory T. Schultz (P47182) |
|     Caitlin E. Malhiot (P76606) |     Chelsea K. Ditz (P72509) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2701 Troy Center Drive, Suite 400 | 26555 Evergreen Road, Suite 1240 |
| Troy, Michigan 48084 | Southfield, Michigan 48076 |
| (248) 275-5200 | (313) 965-8928 |
| mjohnson@goldstarlaw.com | gts@kellerthoma.com |
| cmalhiot@goldstarlaw.com | ckd@kellerthoma.com |

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Defendants, Fresh Start Transitional Homes, and Cookie Denise Smith, by and through their undersigned attorney, and Plaintiff, Virginia Arnold, by and through her undersigned attorney, hereby file this Joint Motion to Approve Settlement Agreement.  Defendants and Plaintiff respectfully request that the Court review and approve the terms of the proposed settlement of this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) for Plaintiff's claims.

The grounds for this Motion are that the parties have reached an arms-length settlement of this matter after extensive, bona fide settlement negotiations, that the parties desire to conclude this matter without further expense, delay, and uncertainty of continued litigation.  This Motion is supported by accompanying Brief and documents.

        Respectfully submitted,

        By:   /s/ Gregory T. Schultz
        Gregory T. Schultz (P47182)
        Keller Thoma, P.C.
        Attorneys for Defendants
        26555 Evergreen Road, Suite 1240
        Southfield, Michigan 48076
        (313) 965-8928
        gts@kellerthoma.com

        By:   /s/ Maia Johnson Braun (w/permission)
        Maia Johnson Braun (P40533)
        Gold Star Law, P.C.
        Attorneys for Plaintiff
        2701 Troy Center Drive, Suite 400
        Troy, Michigan 48084
        (248) 275-5200
Dated:  April 17, 2019     mjohnson@goldstarlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VIRGINIA ARNOLD,**

    Plaintiff,

v.

**FRESH START TRANSITIONAL HOMES** and **COOKIE DENISE SMITH,**

    Defendants.

Case No. 18-cv-12511-LVP-EAS
Hon. Linda V. Parker

| GOLD STAR LAW, P.C. | KELLER THOMA, P.C. |
|---|---|
| By: Maia Johnson Braun (P40533) | By: Gregory T. Schultz (P47182) |
|     Caitlin E. Malhiot (P76606) |     Chelsea K. Ditz (P72509) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 2701 Troy Center Drive, Suite 400 | 26555 Evergreen Road, Suite 1240 |
| Troy, Michigan 48084 | Southfield, Michigan 48076 |
| (248) 275-5200 | (313) 965-8928 |
| mjohnson@goldstarlaw.com | gts@kellerthoma.com |
| cmalhiot@goldstarlaw.com | ckd@kellerthoma.com |

**BRIEF IN SUPPORT OF JOINT MOTION
TO APPROVE SETTLEMENT AGREEMENT**

**I.   Introduction**

    Defendants, Fresh Start Transitional Homes, and Cookie Denise Smith, by and through their undersigned attorney, and Plaintiff, Virginia Arnold, by and through her undersigned attorney, hereby submit this Brief in Support of Consent Motion to Approve Settlement Agreement (Exhibit A – Settlement Agreement). As set forth in detail below, Defendants and Plaintiff respectfully request that the Court

review and approve the terms of the proposed settlement of this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) for Plaintiff's claims.

## II. Statement of the Case

This is a lawsuit under the Fair Labor Standards Act to recover unpaid overtime compensation. Plaintiff filed the Complaint on August 14, 2018 under the FLSA.

Plaintiff performed services for Fresh Start Transitional Homes from approximately January 2007 until March 8, 2018. Plaintiff generally worked a 12-hour schedule. Plaintiff was paid by Defendants on a twice-month cycle. Plaintiff was paid her straight hourly wage for all hours of work performed, including the hours of work performed over 40 hours in a work week.

Defendants deny that its pay practices were unlawful. Defendants assert that Plaintiff was an independent contractor and not entitled to overtime compensation.

## III. Issues in Dispute

At the core of this matter is the dispute over the applicability of the FLSA to the Plaintiff. Additionally, the parties have a dispute over the number of hours that were worked by the Plaintiff and that would be subject to overtime pursuant to the FLSA, if applicable. There is no dispute that the Plaintiff performed services for Defendants, simply the number of hours that Plaintiff performed and whether those

services were performed as an independent contractor or an employee, and therefore hours in excess of 40 hours per week are subject to overtime payment.

Other contested issues in this case include whether to apply the general two-year statute of limitations under the FLSA or the three-year statute of limitations for willfulness; whether the Plaintiff would be entitled to liquidated damages on some or all of her claim under the FLSA, and the statutory award for attorney's fees and costs under the FLSA.

### IV.  Settlement Negotiations

The proposed consent Settlement Agreement in this case is the product of extensive, arms-length settlement negotiations, which culminated after several months of review of time records, pay records and agreement as to the disputed number of hours.

Defendants were represented by counsel, Gregg Schultz and Chelsea Ditz. Plaintiff was represented by counsel, Maia Johnson Braun and Caitlin Malhiot. Counsel for both parties engaged in the exchange and review of documents regarding hours of work performed and paid. Counsel for both parties engaged in settlement negotiations at the request of their clients and reached the proposed settlement terms.

### V.  Proposed Settlement Terms

The proposed consent Settlement Agreement provides that Defendants will make a gross payment of $17,000.00 in complete settlement of this action, including

attorney's fees and costs within fourteen (14) days of executing the Agreement. For the two-year period leading up to the filing of the instant litigation, the total amount of unpaid overtime, if FLSA is applicable to Plaintiff, is between $6,096.25 and $6,140.00. For the third year of potential liability, the total amount of unpaid overtime, if FLSA is applicable to Plaintiff, is between $4,455.52 and $5,257.00. The parties dispute the applicability of the third year of liability, and the assessment of double damages. The agreed upon sum of $17,000.000 is a reflection of the parties' mutual agreement as to resolution of the claims.

## VI. Discussion

In evaluating a proposed FLSA settlement agreement, the Court is tasked with making a determination if the proposed settlement agreement represents a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d 1350 (11th Cir. 1982). There are several factors that the Court considers in making that determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Williams v. Alimar Security, Inc.*, No. CV 13-12732, 2017 WL 427727, at *1 (E.D. Mich. Feb. 1, 2017) citing *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted).

There is a bona fide dispute as to the amount of payment owed to the Plaintiff and ultimately the amount that Plaintiff could recover if she prevailed in litigation. The parties dispute the applicability of the overtime rate to the hours of work performed by Plaintiff. If the Plaintiff were to prevail on the dispute as to whether Plaintiff is an employee, not an independent contractor, and subject to the overtime provisions of the FLSA, there remains a dispute as to the number of overtime hours performed by the Plaintiff. Given the dispute in the number of hours for which the Plaintiff might be entitled to overtime payment are in dispute, the parties have agreed to both compromise on the disputed number of hours.

The parties have not yet engaged in exhaustive discovery and the resolution of Plaintiff's claims with the proposed settlement agreement allows the parties to resolve the matter without incurring any additional litigation expenses.

If the settlement is not approved, the Court could find that that the Defendants properly classified Plaintiff as an independent contractor who was paid at her straight hourly rate of pay for all hours of work performed. The Defendants face the risk that the Court could find them liable for damages that exceed the settlement amount.

The proposed settlement agreement is the result of arms-length bargaining between the parties. Both parties were represented by legal counsel. Legal counsel engaged in numerous discussions regarding the factual and legal disputes. The parties dispute the applicability of the FLSA overtime to the Plaintiff, the applicability of the two- or three-year lookback period, the applicability of liquidated damages, and there is a factual dispute as to the hours worked through the back and forth communication, the parties agreed upon the proposed settlement amount.

**VII. Conclusion**

For all the foregoing reasons, the parties respectfully request that the Court grant approval of the proposed Settlement Agreement in this matter.

Respectfully submitted,

By:   /s/ Gregory T. Schultz
Gregory T. Schultz (P47182)
Keller Thoma, P.C.
Attorneys for Defendants
26555 Evergreen Road, Suite 1240
Southfield, Michigan 48076
(313) 965-8928
gts@kellerthoma.com

By:   /s/ Maia Johnson Braun (w/permission)
Maia Johnson Braun (P40533)
Gold Star Law, P.C.
Attorneys for Plaintiff
2701 Troy Center Drive, Suite 400
Troy, Michigan 48084
(248) 275-5200

Dated:  April 17, 2019         mjohnson@goldstarlaw.com

## **CERTIFICATION OF SERVICE**

The undersigned certifies that he served a copy of Joint Motion to Approve Settlement Agreement and Brief in Support upon the counsel of record for the parties to this action via the ECF system of the U.S. District Court on April 17, 2019.

        Respectfully submitted,

        KELLER THOMA, P.C.

        By:   /s/ Gregory T. Schultz
              Gregory T. Schultz (P47182)
              Attorneys for Defendants
              26555 Evergreen Road, Suite 1240
              Southfield, Michigan 48076
              (313) 965-8928
              gts@kellerthoma.com

Dated:  April 17, 2019