Exhibit A

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made this _____ day of April 2019, between Virginia Arnold ("Ms. Arnold" or "Plaintiff") and Fresh Start Transitional Homes and Cookie Denise Smith. (collectively "the Defendants").  The Plaintiff and Defendants are referred to herein collectively as "the Parties" to this Agreement.

## RECITALS

A.  Defendants employed Ms. Arnold as a caregiver;

B.  Ms. Arnold left employment with Defendants on or around March 8, 2018;

C.  Ms. Arnold filed a lawsuit against Defendants on or around August 14, 2018 in the United States District Court for the Eastern District of Michigan bearing the Case Number 18-cv-12511 ("the Action") alleging that the Defendants are liable for unpaid overtime premium pay, liquidated damages, attorneys' fees and/or costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, all of which Defendants have from the outset denied and continue to deny;

D.  Ms. Arnold has been given the opportunity to review this Agreement and is advised to consult with an attorney prior to executing this Agreement;

E.  Ms. Arnold has asserted that she is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week and double damages for the overtime compensation not paid pursuant to the FLSA for the period August 14, 2015 through August 14, 2018;

F.  Defendants has disputed Ms. Arnold's entitlement to the compensation described in Paragraph E, as well as the amount of such compensation;

G.  The parties wish to amicably resolve any dispute relating to Ms. Arnold's employment, and any compensation owed by Defendants to Ms. Arnold, without further expense and litigation.

In consideration of the mutual promises provided herein, the parties agree as follows:

1.  Consistent with the agreement of the parties, Defendants shall pay Ms. Arnold the sum of Seventeen Thousand Dollars ($17,000).  The payment will be made within fourteen (14) days of execution of this Agreement by way of a check made out to Gold Star Law Trust Account.  Ms. Arnold is responsible for complying with any and all taxing obligations arising from receipt of the Settlement Amount.  Ms. Arnold hereby indemnifies Defendants with respect to taxes that may be due on the Settlement Amount.

2.  In consideration for this Agreement, and the Consideration referenced above in Paragraph 1, Ms. Arnold, for herself, her successors, representatives, heirs and assigns, hereby releases and discharges Defendants, its parents, partners, shareholders, affiliates and subsidiaries, directors, officers, attorneys, representatives, predecessors, successors, assigns, independent

contractors and employees (whether past or present), and, any and all other persons, firms, corporations, associations and other legal entities from any and all manner of action, causes of action, suits, complaints, charges, grievances, obligations, damages, debts, demands, attorney fees or any and all other liabilities for claims of any kind, whether in law, equity, administrative agency, or arbitration, either direct or indirect, known or unknown (hereinafter "CLAIMS"), which Ms. Arnold ever had or now has as of the date of this Agreement based on her employment with and termination of employment with Defendants.  This Agreement specifically includes but is not limited to:

a. Any and all CLAIMS for wages or fringe benefits (including paid time off);

b. Any and all CLAIMS for wrongful discharge or breach of express or implied contract;

c. Any and all CLAIMS of alleged employment discrimination in violation of federal, state or local statute, ordinance, judicial precedent or executive order, including but not limited to claims of discrimination on the basis of age, race, color, religion, sex, national origin, veteran status, disability and/or handicap, height or weight, as well as claims under Title VII of the Civil Rights Act as amended, 42 U.S.C. 2000e et seq., the 1978 Pregnancy Discrimination Act, 42 U.S.C. 2000 e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., the Rehabilitation Act of 1972 as amended, 29 U.S.C. 701 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., the Elliott-Larsen Civil Rights Act, as amended, MCL 37.2101 et seq., the Persons with Disabilities Civil Rights Act, as amended, 37.1101 et seq., and any other applicable federal, state or local law, rule or ordinance of any kind;

d. Any and all suits in tort, including but not limited to any claims for misrepresentation, invasion of privacy, negligence, defamation, libel, slander, interference with contract or prospective economic advantage, intentional infliction of emotional distress, work-related injury or illness;

e. Any and all CLAIMS for commission, compensation or damages of any kind;

f. Any and all CLAIMS under any federal or state statute relating to employee benefits or pensions (except claims to any benefits, such as pension, already vested);

g. Any and all CLAIMS for attorney fees and costs;

h. Any and all contractual CLAIMS, including claims or grievances on her behalf made pursuant to an employment agreement or CITY handbook;

      i.      Any and all CLAIMS arising out of the United States Constitution or the State of Michigan Constitution, including, but not limited to, any and all due process or equal protection claims; and

      j.      Any and all suits or administrative CLAIMS of any nature now pending in any forum whatsoever.

3.      Ms. Arnold hereby releases and discharges Ms. Smith, her successors, assigns, and, any and all other persons, firms, corporations, associations and other legal entities from any and all manner of action, causes of action, suits, complaints, charges, grievances, obligations, damages, debts, demands, attorney fees or any and all other liabilities for claims of any kind, whether in law, equity, administrative agency, or arbitration, either direct or indirect, known or unknown (hereinafter "CLAIMS"), which Ms. Arnold ever had or now has as of the date of this Agreement based on her employment with and termination of employment with Ms. Smith.  This Agreement specifically includes but is not limited to:

      a.      Any and all CLAIMS for wages or fringe benefits (including paid time off);

      b.      Any and all CLAIMS for wrongful discharge or breach of express or implied contract;

      c.      Any and all CLAIMS of alleged employment discrimination in violation of federal, state or local statute, ordinance, judicial precedent or executive order, including but not limited to claims of discrimination on the basis of age, race, color, religion, sex, national origin, veteran status, disability and/or handicap, height or weight, as well as claims under Title VII of the Civil Rights Act as amended, 42 U.S.C. 2000e et seq., the 1978 Pregnancy Discrimination Act, 42 U.S.C. 2000 e, et seq., the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq., the Americans with Disabilities Act, 42 U.S.C. 12101 et seq., the Rehabilitation Act of 1972 as amended, 29 U.S.C. 701 et seq., the Family and Medical Leave Act of 1993, 29 U.S.C. 2601, et seq., the Elliott-Larsen Civil Rights Act, as amended, MCL 37.2101 et seq., the Persons with Disabilities Civil Rights Act, as amended, 37.1101 et seq., and any other applicable federal, state or local law, rule or ordinance of any kind;

      d.      Any and all suits in tort, including but not limited to any claims for misrepresentation, invasion of privacy, negligence, defamation, libel, slander, interference with contract or prospective economic advantage, intentional infliction of emotional distress, work-related injury or illness;

      e.      Any and all CLAIMS for commission, compensation or damages of any kind;

  f.  Any and all CLAIMS under any federal or state statute relating to employee benefits or pensions (except claims to any benefits, such as pension, already vested);

  g.  Any and all CLAIMS for attorney fees and costs;

  h.  Any and all contractual CLAIMS, including claims or grievances on her behalf made pursuant to an employment agreement or CITY handbook;

  i.  Any and all CLAIMS arising out of the United States Constitution or the State of Michigan Constitution, including, but not limited to, any and all due process or equal protection claims; and

  j.  Any and all suits or administrative CLAIMS of any nature now pending in any forum whatsoever.

  4. Ms. Arnold agrees that she will not instigate, cause, advise, or encourage any other person, groups of persons, corporations, partnerships or any other entity to file litigation against Defendants, or its partners, affiliates, subsidiaries, officers, independent contractors or its employees (past or present).

  5. Ms. Arnold and Ms. Smith shall not disparage each other, nor shall Ms. Arnold disparage Fresh Start Transitional Homes.

  6. This Agreement incorporates the final Order of the U.S. District Court, Eastern District of Michigan, Southern Division in Case No. 18-cv-12511-LVP-EAS between the parties. Any alleged violation of those Orders shall be resolved through the U.S. District Court, Eastern District of Michigan, Southern Division.

  7. Ms. Smith further agrees and states that her signing of this Agreement is completely voluntary.

  8. All parties hereby acknowledge that the terms and provisions of this Agreement must be kept confidential. Accordingly, they agree not to disclose, communicate, or reveal in any way to any persons the terms of this Agreement to any third party, except their tax advisors, or as may be required by law or court order.

  9. Ms. Smith understands and agrees that she has been given twenty-one (21) calendar days within which to consider this Settlement Agreement and Release of All Claims and has been advised of the right to consult with an attorney regarding the terms of this Settlement Agreement and Release of All Claims and her rights under the state and federal statutes and common law. To formalize said acknowledgment, Ms. Smith has executed "Exhibit A" attached to this Agreement. Ms. Smith further acknowledges that, should she determine to execute this Agreement prior to the expiration of the twenty-one (21) day review period, she shall execute Exhibit "B"; waiving said twenty-one (21) day review period. The parties also acknowledge that before signing this Agreement, they read the same consisting of 4 pages; that they fully understand its terms, content,

and effect; that they have had the opportunity to receive the benefit of advice from an attorney of their choosing; and that they have relied fully and completely on their own judgment and/or on the advice of their attorneys in executing this Settlement Agreement and Release of All Claims. The parties have signed this Settlement Agreement and Release of All Claims on the dates set forth under their legal signatures.

10. Ms. Arnold understands and agrees that she may revoke this Agreement within a period of seven (7) calendar days following the execution of this Agreement. The Agreement is not effective until this revocation period has expired. Ms. Arnold understands that any revocation, to be effective, must be in writing and either (a) postmarked within seven (7) days of execution of this Agreement and addressed to: Ms. Denise Smith, P.O. Box 503, New Baltimore, MI 48047-0503; or (b) hand-delivered within seven (7) days of execution of this Agreement to the above addressee. Ms. Smith understands that if revocation is made by mail, mailing by certified mail, return receipt requested, is recommended to show proof of mailing.

11. This Agreement shall not be construed as an admission of wrongdoing or liability by the Parties.

12. This Agreement is in full accord and satisfaction and compromise of Ms. Arnold's claims and/or potential claims.

13. Ms. Arnold understands that she does not waive rights or claims that may arise after Ms. Arnold executes her signature on this Agreement.

14. This Agreement contains the entire Agreement between the parties and can be modified only by a written agreement by all parties.

15. In the event that any of the provisions of this Agreement shall be held invalid or unenforceable by reason of any final judicial or administrative ruling, or by reason of any legislation now existing or hereinafter enacted, such invalidity or unenforceability shall have no effect on the remaining provisions of this Agreement.

16. This Agreement shall be governed and construed according to the laws of the State of Michigan.

17. By signing below, I acknowledge that I have read all four (4) pages of this Agreement and Exhibits A and B, and fully understand its contents, terms and effect. I have been advised to talk to a lawyer before signing this Agreement. By signing below, I am stating that I have either talked to a lawyer about this Agreement, or that I wish to go ahead on my own without the advice of a lawyer. I am agreeing to the terms and conditions of this Agreement voluntarily and of my own free will.

_____
Virginia Arnold
Date: April ____, 2019


_____
Cookie Denise Smith
President, Fresh Start Transitional Homes, Inc.
Date: April ____, 2019

## EXHIBIT "A"

## RECEIPT OF SETTLEMENT AGREEMENT

I acknowledge that I received today a copy of the Settlement Agreement and Release of All Claims. I have been advised of the following:

1. I have twenty-one (21) days to consider this Agreement.

2. I have the opportunity to discuss with Defendants any questions or concerns I may have over the terms or language of the Agreement.

3. I have been advised that I should see an attorney of my choosing to review the Agreement.

4. I should not sign the Agreement unless I fully understand its terms and enter into the Agreement of my own free will.

5. I have seven (7) days after signing the Agreement to revoke the Agreement with regard to age discrimination in employment claims only by providing written notice of such revocation to Denise Smith on behalf of Fresh Start Transitional Homes.

6. No other promises have been made to me beyond the terms of the Settlement Agreement and Release of All Claims.

_____
Virginia Arnold

Dated: _____

## EXHIBIT "B"

## WAIVER OF TWENTY-ONE DAY REVIEW PERIOD

I acknowledge that I was provided with a copy of the Settlement Agreement and Release of All Claims on _____, 2019. I have had an opportunity to review the Agreement, have been afforded the opportunity to have it reviewed by an attorney of my choosing, and have made the decision to execute the Agreement prior to the expiration of the twenty-one (21) day review period. Therefore, I have executed the Settlement Agreement today, and I understand that I have seven (7) days from today to revoke the Agreement with regard to age discrimination in employment claims only by providing written notice of such revocation to the CITY.

_____
Virginia Arnold

Dated: _____