UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA ARNOLD,

    Plaintiff

v.

FRESH START TRANSITIONAL HOMES
and COOKIE DENISE SMITH,

    Defendants.
_____/

Civil Case No. 18-12511
Honorable Linda V. Parker

# **OPINION AND ORDER GRANTING THE PARTIES' JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (ECF NO. 17)**

Plaintiff filed this action claiming that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay overtime compensation. The matter is presently before the Court on the parties' Joint Motion to Approve Settlement Agreement. (ECF No. 17.) For the reasons that follow, the Court is granting the motion.

When reviewing a proposed FLSA settlement, the court must determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are several factors courts consider in making this determination:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

> their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241 (M.D. Fla. 2010). Where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount. *Wolinsky*, 900 F. Supp. 2d at 336 (citing cases finding judicial review of the fee award necessary). "[T]he Court must carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of [the] plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients.'" *Id.* (quoting *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

The parties' agreement provides that Defendants will make a gross payment of $17,000.00 in complete settlement of this action including attorney's fees and costs. The amount of the settlement to be paid to Plaintiff's counsel for costs and attorney's fees is $6,176.87. Considering the relevant factors, the Court finds this settlement "fair and reasonable."

The parties represent that for the two-year period leading up to the filing of Plaintiff's Complaint, the total amount of unpaid overtime, assuming the FLSA is

applicable to Plaintiff, is between $6,096.25 and $6,140.00.  For the third year of potential liability, the total amount of unpaid overtime, if the FLSA is applicable to Plaintiff, is between $4,455.52 and $5,257.00.  Thus, the parties' settlement agreement recoups for Plaintiff a significant portion of the amount of unpaid overtime compensation she claims is due.

The settlement enables the parties to avoid additional burdens and expenses of proceeding with this litigation, which would detract from any award Plaintiff might recover if she pursued this case through discovery and to trial.  Moreover, Plaintiff avoids the risk of not prevailing as there is a bona fide dispute as to whether she is covered by the FLSA and subject to its overtime provisions.  There also is a dispute between the parties regarding the number of overtime hours Plaintiff worked. As such, both parties face risks if the Court does not approve the settlement.  Plaintiff risks a potential award and Defendant risks increased exposure.

Both parties are represented by competent and experienced legal counsel who engaged in numerous discussions regarding the factual and legal disputes. The Court therefore concludes that the settlement is the product of arm's-length bargaining.  Finally, there is no reason for the Court to suspect fraud or collusion.

The Court also approves the parties' proposed settlement with respect to attorney's fees and costs.  "In an individual FLSA action where the parties settled

on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F.Supp.2d at 336 (internal citation omitted). However, the Court is required to carefully examine the settlement "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Id.* (internal citation omitted). The Court finds that the amount allocated for attorney's fees is fair and reasonable considering the result reached in this case and the total number of hours that Plaintiff's counsel dedicated to this matter.

In conclusion, the Court finds the parties' settlement fair and reasonable. Accordingly,

**IT IS ORDERED** that the Joint Motion to Approve Settlement (ECF No. 17) is **GRANTED**; and

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 21, 2019, by electronic and/or U.S.

4

First Class mail.

                                                                  s/ R. Loury
                                                 Case Manager